Case 4:24-cv-01632   Document 93   Filed on 07/14/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUE NING LEE, § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. 24-1632 |
| § | |
| MELODY GALLAND, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Sue Ning Lee, representing herself, sued her former employer, the Texas Department of Transportation, alleging that she was demoted and then fired by her supervisor, Melody Galland, based on race, sex, national origin, and age discrimination. Lee and the Texas Department of Transportation filed cross-motions for summary judgment. (Docket Entry Nos. 79, 83). Based on the pleadings, the motion, the record, and the applicable law, the court grants the Texas Department of Transportation's motion for summary judgment, (Docket Entry No. 83), and denies Lee's motion for summary judgment, (Docket Entry No. 79). Final judgment is separately entered. The reasons for this ruling are set out below.

**I.  Background**

Sue Ning Lee began working for the Texas Department of Transportation ("TxDOT") in 2017. (Docket Entry No. 83 ¶ 1). Lee is female, Asian, and was 57 years old when she was fired in 2025. (*Id*. at 9). Mark Wooldridge, the Director of Maintenance for TxDOT's Houston office, hired Lee as a Permit Supervisor in 2017. (*Id*. ¶ 2). In November 2020, Lee was promoted to the position of Permit Office Supervisor in TxDOT's Houston district. (*Id*.).

After Wooldridge retired in June 2021, Melody Galland replaced him as Director of Maintenance in August 2021. (*Id*. ¶ 2-3).  Another employee, Besmellah Parwizi worked at TxDOT from January 2016 until February 2023.  (*Id*. ¶ 4).   During this time, Parwizi reported to Lee. (*Id*.).  Parwizi received two merit pay increases after he told Galland that he had received outside job offers. (*Id*.).  Galland helped Parwizi obtain those raises by submitting pay adjustment requests to TxDOT's human resources department.  (*Id*.)

Between 2021 and 2023, Galland expressed dissatisfaction with Lee's performance to both Lee and TxDOT's HR department. (*Id*. ¶ 5).  Galland's dissatisfaction with Lee's work came from Galland's direct observations and reports from Lee's colleagues.  (*Id*.).  On October 16, 2023, Lee was placed on a performance improvement plan. (*Id*. ¶ 6).  Galland told Lee that the performance improvement plan was intended to allow Lee to improve her "communication, critical thinking, and practical supervision." (*Id*.).  Lee refused to sign or agree to the performance improvement plan. (*Id*. ¶ 7).

On October 24, 2023, Lee filed an internal ethics complaint accusing Galland of discrimination. (*Id*.).  An internal ethics investigation found no evidence of discrimination or violations of agency policy. (*Id*.).  Lee told Galland and others that she did not understand why she was placed on the performance improvement plan. (*Id*.).  Galland and TxDOT human resources representative Shelby Truss offered Lee a meeting to go over the criticisms of her performance and the agency's requirements. (*Id*. ¶ 8). Lee declined this meeting, stating that she was exempt from the performance improvement plan requirements because she had filed an ethics complaint. (*Id*.).

On December 29, 2023, Lee sent many TxDOT employees and external permit applicants an electronic message complaining about Galland. (*Id*. ¶ 9).  Lee sent the message in the Right of

Way Utility and Leasing Information System, which TxDOT uses for managing utility permits and leases. (*Id*.). Lee's complaint about Galland was posted in the comments of 55 permit applications and took TxDOT significant time to reverse. (*Id*.). Lee took responsibility at the time and sought help to reverse the message. (*Id*.). In late December 2023, Lee called Cordero Compean, a new employee reporting to Lee, to complain about Galland. (*Id*. ¶ 10). Compean told Lee that she had dialed the wrong number. (*Id*.). Compean reported this incident to a coworker and to Galland. (*Id*.).

In January 2024, Galland demoted Lee to the position of "Engineer V." (*Id*. ¶¶ 2-3). Two days later, Lee filed an EEOC charge. (Docket Entry No. 83-1 at 103). After receiving notice of her right to sue from the EEOC, Lee filed this suit. (*Id.* at 92). Lee was supervised by Thuy Long, another Asian woman, throughout 2024. (Docket Entry No. 83 ¶ 12). Luong stated in her annual review that Lee's "performance did not meet the expected standards." (*Id*.). According to TxDOT's Human Resources policy, an 'Achieved' rating on an annual performance review requires approval by the District Engineer if the employee had received disciplinary action during the review year. (*Id*. ¶ 13). District Engineer Thomas G. Allbritton rated Lee's 2024 performance as 'Not Achieved' based on Luong's evaluation. (*Id*.).

On January 23, 2025, TxDOT terminated Lee's employment on the basis that (1) she had failed her annual performance review for the second consecutive year, and (2) she had spent her work time and TxDOT resources to conduct personal business and then walked out of a meeting with agency personnel who were assigned to investigate the matter. (*Id*. ¶14). Allbritton reviewed the report of Lee's misconduct and approved her "separation" from TxDOT. (*Id*. ¶ 15).

## II.     The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)).  "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).  When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c).  "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'"  *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a

4

genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted). Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted).

The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. But "[i]f 'reasonable minds could differ 'on 'the import of the evidence, 'a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250–51).

### III. Analysis

#### A. The Title VII and ADEA Claims

Lee alleges that TxDOT unlawfully discriminated against her on the basis of her sex, race, national origin, and age, in violation of Title VII and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. The elements of a prima facie case for discrimination under Title VII are that the plaintiff: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556

(5th Cir. 2007), *abrogated on other grounds by Hamilton v. Dallas Cnty*, 79 F.4th 494 (5th Cir. 2023) (en banc).

The parties do not dispute that Lee has met the first and third elements of her prima facie case of discrimination under Title VII. To satisfy the second element and show that she was qualified for her positions at the TxDOT, Lee attaches to her response to TxDOT's motion for summary judgment several emails from supervisors at TxDOT praising her performance and thanking her for her work. To satisfy the fourth element, Lee proffers Parwizi, a subordinate who was given pay increases that Lee was denied, as a comparator. However, even assuming that Lee has made a prima facie case of discrimination, her claims fail because she has not rebutted TxDOT's legitimate, non-discriminatory reason for firing her.

"If a plaintiff makes out his prima facie case, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for its action." *Brown v. Home Depot USA, Inc*., 642 Fed. App'x. 465, 467 (5th Cir. 2016). The onus then "shifts back to the plaintiff to prove that the articulated reason is pretext for discrimination." *Id.* TxDOT has presented ample evidence that when Lee was demoted in January 2024 and fired in January 2025, Lee was the subject of complaints about her poor performance, and that she misused her work time by spending it on her lawsuit against TxDOT, rather than working on the lawsuit on her own time. "An employee's 'poor job performance' is a legitimate, non-discriminatory reason for an adverse employment action." *York v. Ezell*, 2025 U.S. App. LEXIS 13686, at *7-8 (5th Cir. June 4, 2025) (per curiam) (citing *Little v. Republic Ref. Co*., 924 F.2d 93, 96 (5th Cir. 1991)). TxDOT's claims that it fired Lee for her performance issues is thoroughly substantiated by the record. Lee's claim for discrimination based on her gender, race, and national origin fails because she has presented no

evidence that TxDOT's legitimate, non-discriminatory reason for demoting, and then firing, her, was pretextual.

"To establish a prima facie case [under the ADEA], a plaintiff must prove that: (1) 'they are within the protected class; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were replaced by someone younger or treated less favorably than similarly situated younger employees.'" *Coleman v. Kijakazi*, No. 21-10399, 2023 WL 2660167, at *4 (5th Cir. Mar. 28, 2023) (quoting reference omitted) (cleaned up). As with a claim under Title VII, after the plaintiff has made a prima facie case of age discrimination, the burden shifts to the employer to show a legitimate, non-discriminatory reason for the adverse employment action. *See Ross v. Univ. of Texas at San Antonio*, 139 F.3d 521, 525 (5th Cir. 1998). The ADEA claim fails for the same reasons that the Title VII discrimination claims fail. Lee has not shown that TxDOT's reason for firing her—her poor performance—was pretextual and that the actual reason was discriminatory animus.

## B. The Claim of Unlawful Retaliation under Title VII

Lee argues that by firing her after she filed an ethics complaint against Galland, TxDOT unlawfully retaliated against her. Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). When a plaintiff relies on circumstantial evidence to prove retaliation, the *McDonnell Douglas* framework applies. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007), *abrogated on other grounds by Hamilton v. Dallas Cnty*, 79 F.4th 494 (5th Cir. 2023) (en banc).

7

Under the first step of *McDonnell Douglas*, the plaintiff must establish a prima facie case of retaliation: "(1) the employee engaged in activity protected by Title VII; (2) the employer took an adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action. *Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015) (quoting reference and quotation marks omitted).

The parties do not dispute that Lee engaged in protected activity when she made an ethics complaint in October 2023 and filed an EEOC charge in January 2024. Nor do the parties dispute that Lee was subject to two adverse employment actions: the January 2024 demotion, before she filed her EEOC charge, and the January 2025 termination. The court finds that Lee has not shown a causal connection between her protected activities and either her demotion or firing.

Lee initiated an ethics complaint against Galland in October 2023, three months before her termination. But Lee has failed to present evidence supporting an inference that but for the complaint, she would not have been demoted or terminated. In the three months between Lee's filing of an ethics complaint and her demotion, Lee: (1) refused to agree to a performance improvement plan; (2) disrupted work operations by using TxDOT's permitting review system to send many employees, outside entities, and individuals a message complaining about Galland; and (3) engaged in unprofessional behavior by complaining about Galland to a newly hired employee. Lee has failed to show that her demotion was caused by anything other than "serious and well-documented performance and conduct issues." (Docket Entry No. 83 at 33). Lee's retaliation claim fails because she has not shown that she was demoted, and then fired, because of her complaint against Galland.

## IV.  Conclusion

The Texas Department of Transportation's motion for summary judgment, (Docket Entry No. 83), is granted.  Lee's motion for summary judgment, (Docket Entry No. 79), is denied.  Final judgment is separately entered.

SIGNED on July 14, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge